IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TOWERCO 2013, LLC<br>5000 Valleystone Dr.,Suite 200<br>Cary, NC 27519<br><br>   Plaintiff,<br><br> vs.<br><br>BERLIN TOWNSHIP BOARD OF TRUSTEES<br>3271 Chesire Road<br>Delaware, Ohio 43015<br><br> and<br><br>BERLIN TOWNSHIP, OHIO<br>3271 Chesire Road<br>Delaware, Ohio 43015<br><br>   Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>Expedited Telecommunications Act Proceeding<br><br>*Taking Claim in Violation of Fifth Amendment – 42 USC 1983*<br>*Violations of Sections 253 and 332 of the Telecommunications Act of 1996*<br>*Request for Preliminary and Permanent Injunction*<br><br>**Jury Demand Included** |

The plaintiff, TowerCo 2013, LLC, ("TowerCo" or "plaintiff") for its complaint, avers as follows:

## I. PARTIES

1. Plaintiff, TowerCo 2013, LLC, is a foreign limited liability company registered under the laws of the state of Delaware. Plaintiff is hereinafter referred to as "TowerCo." TowerCo is duly registered with the Ohio Secretary of State as a foreign limited liability company.

2. Defendant, Berlin Township Board of Trustees ("Board"), is the governing unit for Berlin Township, Ohio ("Township"), which is a duly-organized township and political subdivision under Title V of the Ohio Revised Code. Defendants function jointly for all purposes, and the allegations contained herein, thus, apply equally to each.

## II. JURISDICTION

3. This Court has jurisdiction over this matter by virtue of 28 USC 1332 as the plaintiff and defendants are residents of different states and the amount in controversy exceeds $75,000.

4. Further, this Court has jurisdiction over this matter pursuant to 28 USC 1331 as this case involves matters arising under the federal Constitution and federal laws.

5. Venue is proper in this judicial district, inasmuch as the defendants are located and operate within Delaware County, Ohio.

## III. FACTS

### THE PROJECT

6. TowerCo is engaged in the business of siting and building telecommunications towers and facilities to service cellular telephone clients and customers, among others. TowerCo is involved in all phases of such business, including the identification of appropriate sites, acquisition of site interests and contracting for the construction of operational facilities.

7. On or about October 12, 2021, TowerCo entered into a Lease Agreement ("Lease") with the Oletangy Local School District Board of Education ("School District"), for construction and deployment of a telecommunications tower ("Project"). An authentic copy of the parties' Lease is attached hereto, marked as Exhibit A.

8. By way of the Lease, TowerCo obtained rights to use portions of the property located at 3140 Berlin Station Road, Delaware, Ohio 43015, otherwise identified as Delaware County Permanent Parcel No. 418-320-01-001-001, hereinafter the "Site." As consideration, TowerCo paid the School District an initial payment of $50,000, and a signing bonus in the amount of $1,000 with monthly rent in the amount of $1,670 being paid thereafter, payments of which commenced in November of 2021. See Exhibit A.

9. The tower would be developed entirely on property owned by a political subdivision, the School District. Pursuant to R.C. 3313.17, the School District is a body politic and corporate. See also R.C. 2744.01(F).

10. The Site, once developed, will be used for the deployment of a telecommunications tower for use by federally-licensed wireless communications carriers providing personal wireless communication service, including voice and data.

11. The subject Site was selected due to a significant gap in service coverage experienced by Verizon, resulting in poor coverage, or no coverage, for most of the region in the vicinity of the Site.

12. The Site would be located entirely on School District property, and the parcels immediately adjacent to the Site are also owned by the School District.

13. The nearest residential structure is over 900 feet from the proposed Site.

14. Cell sites, such as the Site at issue, are integral to the provision of wireless telecommunications services. To maintain reliable, uninterrupted personal communications service, including voice and data, there must be a continuous interconnected series of cell sites located within an interactive grid pattern. The Site procured by TowerCo is necessary to provide such reliable and uninterrupted personal wireless communications service to the public.

15. The Federal Communications Commission ("FCC") has expressly recognized that wireless services are central to the economic, civic, and social lives of over 270 million Americans.

16. The Telecommunications Act of 1996 ("TCA") was enacted with the objective of opening-up markets to competition by removing regulatory barriers to entry. Thus, the TCA functions by providing a pro-competitive, de-regulatory national policy framework designed to accelerate rapidly private sector deployment of advanced information technologies and services to

all Americans by opening all telecommunications markets to competitors. Most-recently, the FCC has recognized the objective of responding to rapidly increasing demand for wireless service and preparation of the national infrastructure for 5G LTE, by the prompt deployment of additional tower facilities and critical upgrades.

### TOWERCO'S BUILDING PERMIT

17. On or about October 6, 2021, TowerCo issued a letter to the Township notifying the Township that it issued letters to neighboring landowners per R.C. 519.211, as that is the standard procedure for towers in residential areas when such towers are not located on property owned by a government entity.

18. On October 20, 2021, the Township conducted a special meeting for purposes of discussing the proposed TowerCo telecommunications tower. A true and accurate copy of the minutes is attached hereto as Exhibit B. During the special meeting, the Township discussed their concerns about the radio frequency emissions from the Project, which are not a permissible consideration for local regulation of telecommunication towers.

19. Following the hearing on October 20, 2021, the Township issued a letter to TowerCo stating that they wished to have a hearing due to health, welfare and safety concerns for the Township. See Exhibit B.

20. Thereafter, TowerCo learned that as the Site was located on governmental property, R.C. 519.211 was not strictly applicable so long as TowerCo made reasonable efforts to comply with local zoning regulations.

21. On November 11, 2021, TowerCo, by way of counsel, issued a letter to the Township explaining that the Project and Site had immunity pursuant to the doctrine set forth in

*Brownfield v. State of Ohio,* 63 Ohio St.2d 282 (1990) and its progeny.  A true and accurate copy of the letter is attached hereto as Exhibit C.

22. The letter explained that as there had been reasonable efforts at compliance, and the Project substantially complied with local zoning regulations, no further action was required by TowerCo.  See Exhibit C.  The immunity extending to the Site and Project suspended any obligation on plaintiff to follow any locally-prescribed procedures to obtain zoning approval.  Nevertheless, the letter concluded with a request for the Township to contact TowerCo so the two entities could have a meeting to discuss working together to complete the Project.

23. By November 19, 2021, TowerCo had not received a response from the Township.

24. Therefore, on November 19, 2021, TowerCo sent a second letter stating that as TowerCo had explained its immunity position, the TCA placed an obligation on the Township to issue a timely response.  Therefore, the letter stated that as TowerCo was ready to proceed with construction, it required a written response no later than November 24, 2021.  A true and accurate copy of the letter is attached hereto as Exhibit D.

25. By December 9, 2021, the Township had not issued a response to either the November 11, 2021 or November 19, 2021 letter.

26. On December 9, 2021, TowerCo submitted a building permit application to the Delaware County Building Safety Department ("Building Department").  The application was accompanied by a cover letter explaining that the TowerCo Project was immune or exempt from zoning and that such exemption had been explained to the Township, with a response requested.  No response had been received, to which TowerCo believed was acquiescence.  A copy of the application is attached hereto as Exhibit E.

5

27. On December 27, 2021, the Building Department contacted TowerCo seeking additional information for the application, to which TowerCo promptly responded.

28. The Building Department issued the Building Permit on January 10, 2022, a true and accurate copy of which is attached hereto as Exhibit F.

## TOWERCO ERECTS THE TELECOMMUNICATIONS TOWER

29. Following the issuance of the January 10, 2022 Building Permit, TowerCo promptly commenced construction of the Project.

30. The 199-foot telecommunications tower was erected by April 2, 2022.

31. All that remains to be completed is the fencing, equipment pads, landscaping, as well as extending utilities to the Site.

32. To date, in addition to the payments issued to the School District, which amounts to approximately $66,000 to date, TowerCo has expended approximately $375,000.00 on the Project construction.

33. Once the Project is finalized, pursuant to the existing agreement between Verizon and TowerCo, Verizon will immediately deploy its wireless services by way of the Project.

34. TowerCo does not begin receiving income from the Project until Verizon has the capacity to deploy its wireless telecommunication services.

## TOWNSHIP'S INTERFERENCE WITH CONSTRUCTION

35. The Township finally responded to TowerCo's November 11, 2021 by of a December 23, 2021 letter issued by the County Prosecutor via regular mail.

36. Although the letter was December 23, 2021, as it was sent by ordinary mail, it was not received by TowerCo's counsel until January 4, 2022. A true and accurate copy of the letter is attached hereto Exhibit G.

37. The Prosecutor's December 23, 2021 letter – issued 42 days after TowerCo asserted the *Brownfield doctrine* –conflated R.C. 519.211 utility immunity and the separate *Brownfield* doctrine, and therefore incorrectly concluded that R.C. 519.211 is still applicable.

38. Less than a week later, the Building Department issued TowerCo a Building Permit, presumably adopting TowerCo's position that the *Brownfield* doctrine exempted TowerCo from strict compliance with Township Zoning.

39. On May 9, 2022, four months after the Building Permit was issued, and over a month after the Project tower was constructed, the Township issued a letter to the Building Department asking the Building Department to rescind the Building Permit. A true and accurate copy of the letter is attached as Exhibit H.

40. On May 17, 2022, in response to the Township's letter, the Building Department issued a Stop Work Order. A true and accurate copy of the Order is attached as Exhibit I. The immunity for the Site and Project, triggered under the *Brownfield* doctrine, does not authorize such action, rather, immunity is a purely justiciable question, if a challenge is timely presented.

41. The Stop Work Order was based upon the TowerCo application lacking formal zoning approval from the Township. See Exhibit I.

42. Due to the Stop Work Order, TowerCo was unable to complete the fence and landscaping, as well as finalize having all utilities extended to the Site.

43. On May 24, 2022, in response to the unlawful Stop Work Order, TowerCo issued a letter to the Building Department demanding the Stop Work order be lifted. A true and accurate copy of the letter is attached hereto as Exhibit J.

44. On May 28, 2022, the Building Department issued a letter in response, a true and accurate copy of which is attached hereto as Exhibit K.

45. TowerCo responded by letter dated June 7, 2022, again reiterating that the Stop Work Order was an unlawful deprivation of TowerCo's property rights, due process rights, as well as a violation of the TCA. A true and accurate copy of the letter is attached hereto on Exhibit L.

46. On June 10, 2022, the Building Department issued a letter to TowerCo agreeing to lift the unlawful Stop Work Order. A copy of the letter is attached hereto as Exhibit M.

47. TowerCo promptly took action to re-commence construction which had been unlawfully delayed since May 17, 2022. However, due to the uncertainty of the length of the stop-work order, the contractors retained by TowerCo took on other jobs and therefore the work necessary for TowerCo to deploy the tower was delayed.

## TOWNSHIP COMMENCES LAWSUIT

48. On June 21, 2022, the Board commenced a state court action, along with a motion for a temporary restraining order in *Berlin Township Board of Trustees v. TowerCo 2013, LLC*, *et al.* Case No. 22CVH 06 0295, Delaware County Common Pleas Court ("the State Case"). A true and accurate copy of the complaint is attached hereto as Exhibit N and a true and accurate copy of the Motion for Temporary Restraining Order is attached hereto as Exhibit O.

49. In the complaint, the Board asserted a request for declaratory judgment as to whether TowerCo is subject to R.C. 519.211, as well as subject to the Township's zoning regulations. The complaint also sought a preliminary and permanent injunction. See Exhibit N.

50. The Board's motion for temporary restraining order, alleged that it is likely to succeed on the merits primarily because TowerCo "conceded" it is subject to R.C. 519.211 by issuing the letter on October 6, 2022, but does not contain any legal analysis for this point.

51. The Board's motion also alleged that the Township will be irreparably harmed, third parties will be harmed, and public interest served due to the Township's efforts to prevent

8

radio frequency transmissions from harming the public, which is expressly in violation of the TCA. See Exhibit O.

52. Following a hearing, on June 21, 2022, the Court granted a temporary restraining order in favor of the Township, which was later continued. See Exhibits P and Q.

53. The injunction remains in place.

54. On July 13, 2022, TowerCo filed an answer and counterclaim in the State Case, wherein the counterclaim contained federal causes of action. Also on July 13, 2022, TowerCo sought to remove the lawsuit to the United States District Court, Southern District of Ohio.

55. On July 15, 2022, the parties reached an agreement whereby they agreed to a stay to provide the parties the opportunity to try to resolve the dispute without further litigation. The parties agreed to a voluntary 25-day stay. See Exhibit R.

56. On August 23, 2022, TowerCo elected to voluntarily dismiss the counterclaim and determined that, if the State Case could not be resolved during the stay, it would pursue a direct, separate federal action.

57. On August 29, 2022, the State Case was formally remanded to the Delaware County Common Pleas Court.

58. As indicated above, from July 15, 2022 to August 30, 2022, the parties sought to resolve the dispute without further Court intervention. However, on August 30, 2022, the defendants stated they were unable to resolve the dispute unless the plaintiff removed the tower and submitted a zoning application. See Exhibit S.

59. As the parties were unable to resolve the dispute without further Court intervention, and the defendants expressed they intend to have the plaintiff remove its Project tower, this litigation follows.

## IV. CLAIMS FOR RELIEF

### COUNT ONE
### 42 USC 1983 – Fifth Amendment Takings

60. TowerCo realleges the foregoing as if fully rewritten herein.

61. TowerCo has a lawful, vested property right which attaches to the Site and Project by virtue of TowerCo's Lease and the Building Permit issued by the Building Department.

62. TowerCo's rights are protected by the Fifth Amendment of the United States Constitution.

63. The Township's conduct in interfering with TowerCo's property rights by compelling the Building Department to issue an unlawful Stop Work order, which was later retracted, and in obtaining an injunction, constitutes a violation of TowerCo's property rights as protected by the Fifth Amendment of the United States Constitution.

64. The Township's current conduct destroys TowerCo's vested property interest in the Project, either temporarily or permanently.

65. The Township's conduct has infringed upon TowerCo's fundamental property rights to the point where there is no economically viable use for TowerCo's vested property interest in the Project, and such infringement is so severe as to constitute a total and/or partial regulatory taking of the TowerCo property, either temporary or permanently.

66. TowerCo is entitled to declaration by this Court that the Township's conduct is a total and/or partial regulatory taking under the Fifth Amendment of the United States Constitution, enforceable under 42 USC 1983, for which TowerCo is entitled to just compensation in an amount greater than $450,000.00.

67. 42 US. 1988 provides, in pertinent part, that "[i]n any action or proceedings to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

68. As a direct and proximate result of the Township's actions, TowerCo has sustained damages on account of the unreasonable and unlawful delay and/or prohibition of its telecommunications Project, and those damages continue to mount, for which TowerCo is entitled to just compensation.

69. TowerCo requests this Court declare that the defendants' actions violate 42 US. 1983 by depriving TowerCo of the rights, privileges, and immunities afforded to it by the Fifth Amendment of the Constitution of the United States and law for its temporary or permanent regulatory taking of TowerCo's property interest. Further, this Court should award damages in excess of $450,000.00, together with an award of reasonable attorney's fees.

## COUNT TWO
### Telecommunications Act – Section 332
### Shot Clock Violation

70. TowerCo realleges the foregoing as if fully rewritten herein.

71. To the extent a local governmental agency has lawfully adopted local zoning regulations governing the placement of cellular telecommunications facilities under the limited safe harbor provision of Section 332(c)(7) of the TCA, a local government is required to render any decision under its regulations within a reasonable period of time, as set forth in Section 332(c)(7)(B)(ii). The reasonable period of time, or "shot clock" under the TCA, has been defined by the FCC as a period of time not to exceed 150 days for a new macro facility, such as the Project.

72. The FCC has determined that the shot clock is tolled by time taken to supplement an incomplete application only if the local authority notified the applicant within 30 days that more information was needed. 24 FCC Rcd 13994, 2009 FCC LEXIS 5977, ¶74.

73. TowerCo notified the Township of its assertion of zoning immunity under the *Brownfield* doctrine on November 11, 2021. In that letter, the plaintiff specifically asked for a meeting so the Township and TowerCo could work together moving forward.

74. TowerCo issued a follow up letter on November 19, 2021, against requesting a response from the Township.

75. After delivery of TowerCo's November 11, 2021 letter, the Township failed to respond to TowerCo's notice of the Project within 30 days seeking additional information in compliance with regulations. This was despite the fact that TowerCo issued the second letter on November 19, 2021, expressly stating its intent to move forward with the building application unless it had a response from the Township by November 24, 2021.

76. The only communication, or conduct of the Township, was the prosecutor's December 23, 2021 response, which was 42 days after the November 11, 2021 letter and did not seek additional information regarding TowerCo's Project.

77. The Township did not act again until May 9, 2022, 179 days after TowerCo's November 11, 2021 letter. Importantly, the May 9, 2022 correspondence was issued to the Building Department, not TowerCo.

78. The Township did not take any action against TowerCo directly until June 21, 2022, which is 222 days after TowerCo's November 11, 2021 letter.

79. On August 30, 2022, over 260 days after the November 11, 2021 letter, the Township stated it would not grant authority for the Township to proceed, and instead requested the plaintiff to remove the existing tower.

80. This was well after the expiration of the shot clock for enforcement of any actual, lawful and effective regulation that may have existed at the time of the Township's notification of the Project and requests.

81. Consequently, the Township's May 9, 2022 letter, subsequent lawsuit against TowerCo, and subsequent express refusal to grant authority to proceed with the Project, violated the limited authority of Section 332(c)(7) of the TCA, inasmuch as TowerCo's Project is presumed authorized under any provisions of the Township's regulations that may have existed at the time of TowerCo's notice and request for authorization on November 11, 2022.

82. TowerCo avers that it is entitled to a declaratory judgment, declaring and determining that: (a) any action, policy, practice, or local regulation relied upon by the defendants to deny TowerCo the use of the Site for deployment of its Project is barred under the TCA; and (b) TowerCo is entitled to use, utilize and occupy the Site for purposes of constructing and installing all necessary facilities and services for construction and deployment of the Project. TowerCo avers that it is further entitled to an Order enjoining the Township from any further interference with the construction and erection of the Project.

**COUNT THREE**
**Telecommunications Act – Section 332**
**Effect of Prohibiting Wireless Communications Necessary for Gap in Coverage**

83. TowerCo realleges the foregoing as if fully rewritten herein.

84. Pursuant to Section 332(c)(7)(B)(i)(II), any effort by a local government agency to limit or regulate the placement and operation of cellular telecommunications facilities shall not have the effect of prohibiting personal wireless services.

85. To the extent a local governmental agency has lawfully adopted local zoning regulations governing the placement of cellular telecommunications facilities under the limited safe harbor provision of Section 332(c)(7) of the TCA, a local government may not issue regulations to the extent it prohibits, or has the effect of prohibiting, personal wireless telecommunications services.

86. The Sixth Circuit has recognized that the denial of the request for authorization may constitute a violation of Section 332(c)(7)(B)(i)(II) where a wireless provider can demonstrate a gap in coverage and the proposed location was the most feasible for coverage needs.

87. The Township's failure to timely respond to TowerCo's November 11, 2021 request for authorization, and subsequent attempts to block the deployment of the tower by way of compelling the Building Department to issue a stop-work order and seeking an injunction, amounts to conduct which has the effect of prohibiting personal telecommunication services.

88. TowerCo avers that it is entitled to a declaratory judgment, declaring and determining that: (a) any action, policy, practice, or local regulation relied upon by the Township to deny TowerCo the use of the Site for deployment of its Project is barred under the TCA for having the effect of prohibiting personal wireless telecommunications services; and (b) TowerCo is entitled to use, utilize and occupy the Site for purposes of finalizing construction and installation of all necessary facilities and services for construction and deployment of the Project. TowerCo avers that it is further entitled to an Order enjoining the defendants from any further interference with the construction and erection of the Project pursuant to the Building Permit.

## COUNT FOUR
### Telecommunications Act – Section 332
### Failure to Timely Deny Request with Substantial Evidence

89. TowerCo realleges the foregoing as if fully rewritten herein.

90. Pursuant to Section 332(c)(7)(B)(iii), any local government agency denial of a request for authorization of the placement and operation of cellular telecommunications facilities shall be in writing and be supported by substantial evidence contained in a written record.

91. The Sixth Circuit has determined that the failure to respond to a request for authorization amounts to a function denial of said request in violation of the TCA.

92. The Township did not properly consider or timely respond to TowerCo's request for authorization dating back to November 11, 2021 and therefore implicitly denied the request without properly issuing the written denial required by the TCA.

93. The Township's representations on August 30, 2022 that the plaintiff would need to remove the tower were an express denial. No substantive justification was provided.

94. The Township's discussions on October 20, 2021 pertained only to concerns about radio frequency emissions, which the TCA expressly prohibits from regulation by local agencies, as set forth in Section 332(7)(B)(iv).

95. TowerCo avers that it is entitled to a declaratory judgment, declaring and determining that: (a) any action, policy, practice, or local regulation relied upon by the Township to deny TowerCo's use of the Site for deployment of its Project is barred under the TCA as it was not issued to TowerCo in writing and supported by substantial evidence; and (b) TowerCo is entitled to use, utilize and occupy the Site for purposes of constructing and installing all necessary facilities and services for construction and deployment of the Project. TowerCo avers that it is

further entitled to an Order enjoining the Township from any further interference with the construction and erection of the Project pursuant to the Permit.

## COUNT FIVE
### Telecommunications Act – Section 253

96. TowerCo realleges the foregoing as if fully rewritten herein.

97. The Township's efforts to have the Building Department issue a Stop Work Order, and to later seek an untimely injunction, have the effect of prohibiting TowerCo from utilizing its Site, Building Permit and Project to provide interstate and intrastate telecommunications service.

98. Section 253(a) of the 1996 Act provides that:

> No State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service.

99. The TCA was enacted precisely to promote higher quality telecommunications services and to encourage rapid deployment of new telecommunications technologies and facilities. One way of accomplishing these goals, and effectuating the intent of Congress, is through the TCA provisions designed to reduce the impediments imposed by local governments upon the siting and installation of telecommunications facilities such as towers.

100. While Section 253(c) of the TCA has preserved limited authority of a state or local government, such matters are limited to the effective control of public roadway rights-of-way. None of these matters of local control are implicated or adversely affected in this instance and, thus, Section 253(c) does not apply.

101. The Township's actions violate TowerCo's federal statutory and constitutional rights and will cause irreparable harm. In the absence of the Site construction and deployment, existing gaps in coverage and lack of density and capacity in the networks of TowerCo's wireless providers will remain, to the detriment of the public.

102. Further, the Township's actions prohibit the TowerCo from siting and deploying a telecommunications facility which is necessary to the provision of continuous and uninterrupted service in the wireless networks of tenants/carriers, which interferes with the fulfillment of federally endorsed and imposed obligations to provide personal wireless telecommunications service under license.

103. The Township's conduct violates Section 253 of the TCA.

104. Because the Township's conduct, actions, inactions, policies or regulations, have prohibited or threatened to prohibit TowerCo from lawfully using the Site for construction and deployment of a telecommunications facility for use in interstate and intrastate commerce, a real, substantial and justiciable controversy exists requiring this Court's prompt resolution.

105. TowerCo avers that it is entitled to a declaratory judgment, declaring and determining that: (a) any action, policy, practice, or local regulation relied upon by the Township to deny TowerCo the use of the Site for deployment of its Project is preempted by the comprehensive scope and express provisions of the TCA; and (b) TowerCo is entitled to use, utilize and occupy the Site for purposes of constructing and installing all necessary facilities and services for deployment of the Project.  TowerCo avers that it is further entitled to an Order enjoining the Township from any further interference with the construction and erection of the Project pursuant to the Permit.

### COUNT SIX
### Preliminary and Permanent Injunction

106. TowerCo realleges the foregoing as if fully rewritten herein.

107. As the Township is expected to interfere with TowerCo's efforts to move forward with its lawful construction of the Project, as well as any efforts to construct, place, install and operate facilities and services at the Site, TowerCo is further entitled to the issuance of temporary

and permanent injunctive relief, restraining and prohibiting the Township, and those in privity, from taking any action designed or intended to interfere with the Project which is the subject matter of this action.

108.    Injunctive relief is required in this action in order to prevent irreparable harm, loss and damage to TowerCo's rights and interests pertaining to the Project, and TowerCo avers that the public interest will be served by the issuance of injunctive relief in favor of the Township in this case.

## V. DEMAND FOR JUDGMENT

**WHEREFORE**, the plaintiff, TowerCo 2013, LLC, hereby demands judgment against Berlin Township, Ohio and the Berlin Township Board of Trustees, as follows:

1.    A declaration and determination that TowerCo has a vested property right in its Site and Permit; and

2.    A declaration and determination that the Township's efforts to prohibit TowerCo's finalization of construction and deployment of the Project amounts to an interference with TowerCo's vested property interest as protected by the Fifth Amendment of the United States Constitution; and

3.    Award TowerCo compensation and damages pursuant to 42 US. 1983; and

4.    Award TowerCo the costs and expenses for this action, including reasonable attorneys' fees award in accordance with 42 USC 1988; and

5.    A declaration and determination that the Township violated 47 USC 332(c)(7)(B)(i)(II) and, consequently, TowerCo is entitled to an injunction compelling the issuance of authorization for the Project; and

18

6. A declaration and determination that the Township violated 47 USC 332(c)(7)(B)(ii) and, consequently, TowerCo is entitled to an injunction compelling the issuance of authorization for the Project; and

7. A declaration and determination that the Township violated 47 U.S.C. 332(c)(7)(B)(iii) and , consequently, TowerCo is entitled to an injunction compelling the issuance of authorization for the Project; and

8. A declaration and determination that the Township violated 47 U.S.C. 332(c)(7)(B)(iv) and , consequently, TowerCo is entitled to an injunction compelling the issuance of authorization for the Project; and

9. A declaration and determination that the Township has exceeded its limited authority as set forth under Section 253(a) of the TCA and, otherwise, is preempted by Section 253; and

10. An Order compelling the Township to promptly issue any and all necessary authorization of the tower Project; and

11. An award of compensatory damages in excess of $450,00.00, interest, attorney's fees and costs; and

12. Judgment enjoining, restraining and prohibiting the Township, and those in privity with the Township, from taking any action designed or intended to interfere with the Project which is the subject matter of this action, particularly the construction and deployment of a telecommunications tower and supporting facilities on the Site, pursuant to the Permit; and

13. Such other and different relief as the Court may deem just and appropriate.

Respectfully submitted,

*s/ Tonya J. Rogers*
James F. Mathews (0040206)
Tonya J. Rogers (0090439)
BAKER | DUBLIKAR
400 South Main Street
North Canton, Ohio 44720
Phone: (330) 499-6000
Fax: (330) 499-6423
E-mail:mathews@bakerfirm.com
 tonya@bakerfirm.com
*Counsel for TowerCo 2013, LLC*

## JURY DEMAND

A trial by jury is demanded herein on all issues presented to the Court.

*s/ Tonya J. Rogers*
James F. Mathews
Tonya J. Rogers
BAKER | DUBLIKAR

## PROOF OF SERVICE

I hereby certify that on August 31, 2022, a copy of the foregoing was emailed to:

Christopher A. Rinehart, Esq
RINEHART LEGAL SERVICES
PO Box 16308
Columbus, Ohio 43216
*crinehart@rinehartlegal.com*
*Counsel for Berlin Township*

Grant A. Wolfe, Esq.
WOLFE LAW OFFICES
PO Box 320
Blacklick, Ohio 43004
*Gwolfe19@ameritech.net*
*Counsel for Berlin Township*

Derek L. Towster, Esq.
Patrick J. Schmitz, Esq.
Scott Scriven, LLP
250 E. Broad St., Suite 900
Columbus, Ohio 43215
*dtowster@scottscrivenlaw.com*
*pat@scottscrivenlaw.com*
*Counsel for the School District*

 *s/ Tonya J. Rogers*
James F. Mathews
Tonya J. Rogers
BAKER | DUBLIKAR