Nos. 23-3768/3799

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 12, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| TOWERCO 2013, LLC, | ) |
|     Plaintiff-Appellee Cross-Appellant, | ) |
| v. | )    O R D E R |
| BERLIN TOWNSHIP BOARD OF TRUSTEES, et al., | ) |
|     Defendants-Appellants Cross-Appellees. | ) |

Before: BOGGS, McKEAGUE, and BLOOMEKATZ, Circuit Judges.

Defendants Berlin Township Board of Trustees and Berlin Township, Ohio (collectively, "the Township") appeal—and Plaintiff TowerCo 2013, LLC cross-appeals—the district court's order preliminarily enjoining the Township from preventing TowerCo's completion and deployment of a cell tower. The Township moves to stay the injunction pending appeal and asks us to waive posting of bond. TowerCo moves for an extension of time to file a response and tenders a response in opposition. The Township opposes an extension of time.

We consider four factors when determining whether to grant a stay pending appeal: (1) whether the movant has demonstrated a strong likelihood of success on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other interested parties; and (4) the public interest. *Kentucky v. Biden*, 23 F.4th 585, 593 (6th Cir. 2022). While these factors are to be balanced together, *ibid.*, the movant "is still required to show,

at a minimum, 'serious questions going to the merits,'" *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

Under the Telecommunications Act ("TCA"), the regulation of personal-wireless-service facilities by states and local governments and their instrumentalities "shall not prohibit or have the effect of prohibiting the provision of personal wireless service." 47 U.S.C. § 332(c)(7)(B)(i)(II). And "[a]ny person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof . . . may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction." *Id.* § 332(c)(7)(B)(v). The statute does not define what constitutes a final action, but a typical TCA claim involves a wireless provider that has applied for a permit from a local zoning authority, which either denies or fails to act on the application. *See T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293, 305 n.4 (2015); *Upstate Cellular Network v. City of Auburn*, 257 F. Supp. 3d 309, 316 (N.D.N.Y. 2017). However, as a general matter, an "agency action is final if it marks the consummation of the agency's decisionmaking process and determines rights or obligations or triggers legal consequences." *T-Mobile S.*, 574 U.S. at 305 n.4 (cleaned up).

The Township argues that the district court erred in finding that its filing of a related lawsuit in state court was a final action under § 332(c)(7)(B)(v) that would trigger TowerCo's ability to sue under the TCA. It contends that a final action under the TCA requires that a local government take action on a permit application. If true, this contention would prove problematic in Ohio. Under Ohio law, publicly owned property is exempt from municipal zoning requirements that would "frustrate or significantly hinder the public purpose underlying the acquisition of property," provided that the property user makes a reasonable attempt to comply with the requirements.

*Brownfield v. State*, 407 N.E.2d 1365, 1368 (Ohio 1980) (per curiam), *overruled in part on other grounds by Racing Guild of Ohio, Loc. 304 v. Ohio State Racing Comm'n*, 503 N.E.2d 1025 (Ohio 1986). When a party asserts this so-called *Brownfield* immunity, then, it need not submit an application on which the local government can act. *See Taylor v. State, Dep't of Rehab. & Corr.*, 540 N.E.2d 310, 314 (Ohio Ct. App. 1988) (stating that a party invoking *Brownfield* immunity "need not comply with existing procedures to obtain permits [or] variances"); *GTE Wireless of the Midwest Inc. v. Anderson Twp.*, 731 N.E.2d 201, 206 (Ohio Ct. App. 1999) ("[A] party need not seek a variance . . . prior to claiming immunity under the state immunity doctrine."). Believing it was entitled to *Brownfield* immunity, TowerCo never applied to the Township for a permit or variance. Contrary to the Township's contention, then, finality under the TCA cannot *require* action on an application because, when *Brownfield* immunity is invoked, there might be no application at all.

Alternatively, the Township argues that it was not the filing of the state-court action itself that prohibited or had the effect of prohibiting the provision of wireless services, but rather the state court's entry of a temporary restraining order and TowerCo's agreement to stay completion and deployment of the tower. This argument again ignores *Brownfield*'s application here, which allowed TowerCo to "proceed unless enjoined by a court of competent jurisdiction." *Taylor*, 540 N.E.2d at 316. Because *Brownfield* immunity relieved TowerCo of any obligation to apply for a variance, the Township could not stop construction by rejecting an application. In that context, filing the state-court action is the "consummation" of the Township's decision-making process because requesting an injunction from a court of competent jurisdiction was the Township's only option to stop construction. Thus, we will not disturb the district court's conclusion that filing the state-court action constituted a final action.

Because the filing of the state-court case was a final action triggering TowerCo's rights under the TCA, TowerCo had thirty days from the Township's state-court filing to file its TCA claims. *See* 47 U.S.C. § 332(c)(7)(B)(v). It is undisputed that TowerCo did not file this action within thirty calendar days. But federal courts are not necessarily required to dismiss an action filed beyond that period. The Supreme Court has made clear that "most time bars are nonjurisdictional," and such procedural rules "cabin a court's power only if Congress has 'clearly state[d]' as much." *United States v. Wong*, 575 U.S. 402, 409, 410 (2015) (alteration in original) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154 (2013)). Indeed, other circuits have found that the thirty-day time to file a TCA claim is not jurisdictional. *Athens Cellular, Inc. v. Oconee Cnty.*, 886 F.3d 1094, 1113 (11th Cir. 2018) (Kaplan, J., concurring) (joined in relevant part by Rosenbaum, J.); *T Mobile Ne., LLC v. City of Wilmington*, 913 F.3d 311, 323–26 (3d Cir. 2019). And at least one of those cases, albeit in a concurring opinion receiving two votes on a three-judge panel, found that equitable tolling should apply to a TCA claim. *Athens Cellular*, 886 F.3d at 1113–14 (Kaplan, J., concurring). And "the mere fact that a federal statute providing for substantive liability also sets a time limitation upon the institution of suit does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the legislative purpose." *Leake v. Univ. of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979) (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 559 (1974)).

We agree with our sister circuits that the TCA's time-to-file limitation is not a jurisdictional limit on federal courts. Thus, the district court acted within its jurisdiction when it equitably tolled the TCA claim. But this does not mean that the district court has unfettered discretion to grant or deny equitable tolling. "We review a district court's decision to grant or deny equitable tolling de novo when the facts are undisputed or the district court rules, as a matter of law, that equitable

tolling is not available; in all other circumstances we review for an abuse of discretion." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003).

The question of how *Brownfield* immunity affects the TCA is a matter of first impression and raises serious questions going to the merits of the Township's timeliness claim. The district court applied a 2009 Federal Communications Commission ("FCC") ruling to determine that the time-to-file limitation was equitably tolled for the duration of the parties' voluntary stay. That FCC ruling applied to a different time limit than the one in § 332, though the district court articulates persuasive reasons that it might nonetheless apply in this context. However, we also note that the parties did not expressly agree to toll TowerCo's time to file a TCA claim. And TowerCo's actions regarding the time to file are a complicating consideration. It removed the state-court action based on federal-question jurisdiction despite there being no federal claim on the face of the complaint, voluntarily dismissed its counterclaims when the Township moved to remand to state court, and still waited another five days to bring the federal-court action. Given these circumstances and the novel basis upon which the district court based its decision to equitably toll the time to file, the Township has raised "serious questions going to the merits" of its timeliness claim. *Griepentrog*, 945 F.2d at 154.

Because the Township has raised serious questions going to the merits of its timeliness claim, we need not analyze its effective-prohibition argument.

The Township argues that it will be irreparably injured in the absence of a stay because the injunction prevents it from protecting its legal interests in the state-court action. It asserts that TowerCo has resumed construction on the cell tower in violation of the state court's November 29, 2022, Judgment Entry in which TowerCo and its lessor, the School District, agreed not to continue further construction of the tower pending resolution of the matters in state court.

Correspondence between the parties indicates that TowerCo has, in fact, resumed construction, and TowerCo stated that it believed the district court's injunction rendered the state court's orders moot. With TowerCo using the district-court injunction to justify resuming construction, the Township now faces the certain and immediate harm that was merely speculative when the Township asked the district court to stay its order. Any attempt to litigate the state-court matter—including seeking enforcement of the state-court injunction—would violate the district court's injunction because it would be an attempt to prevent TowerCo from completing and deploying the cell tower. Here, the Township has demonstrated that it is being irreparably harmed absent a stay.

As the district court correctly noted, a stay of its injunction would not harm others, including TowerCo. TowerCo agreed to cease all construction activities pending the state court's decision on the merits. That it now attempts to re-write its agreement by stating that it agreed to cease construction pending any decision by *any* court is, at minimum, a misreading of the state court's orders. Nor does TowerCo refute that it continues to contract with Verizon and other wireless carriers, so it has not shown a loss of customer goodwill. Its remaining arguments go to economic loss, which does not constitute irreparable injury for purposes of a stay when the loss is "fully compensable by monetary damages." *St. Luke's Hosp. v. ProMedica Health Sys., Inc.*, 8 F.4th 479, 489 (6th Cir. 2021) (quoting *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002)).

The public interest prong does not weigh heavily in our analysis. The Township argues that zoning regulations are meant to protect the health, safety, and welfare of the public, so allowing it to protect and enforce those regulations is in the public interest. But it is also unclear from its argument how public health is endangered. TowerCo, on the other hand, asserts that deployment of the cell tower will increase wireless coverage in the area, which benefits the public (at least its

customers). That said, the merits briefing in this matter has already begun, indicating that such considerations are minimized. Accordingly, we decline to speculate on the relative merits of these arguments. Because the Township has already raised a novel and serious question going to the merits of one of its arguments and irreparable harm, we will grant the stay during the pendency of the appeal, which is already well underway.

Finally, the Township asks us to waive the filing of bond pending appeal. The Federal Rules of Appellate Procedure provide only that we "may" condition a stay upon "a party's filing a bond or other security in the district court." Fed. R. App. P. 8(a)(2)(E). However, we decline to exercise our discretion to do so here.

Accordingly, the motion to stay the injunction and to waive bond is **GRANTED**, and the motion to file a late response is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk